**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.M.**

**No. 24-295** (Harrison County CC-17-2022-JA-103)

## MEMORANDUM DECISION

Petitioner Father J.M.[1] appeals the Circuit Court of Harrison County's April 22, 2024, order terminating his parental and custodial rights to B.M., arguing that termination was erroneous.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2022, the DHS filed a petition alleging that then-four-month-old B.M. was abused and neglected because the parents used controlled substances, engaged in domestic violence, and exposed the child to a drug endangered environment. The DHS further alleged that the mother obtained a domestic violence protective order ("DVPO") against the petitioner and that the parents were ordered to drug screen during that proceeding. Upon screening, the petitioner admitted to using methamphetamine and tested positive for amphetamine, ecstasy, marijuana, and methamphetamine.

In July 2022, the court held an adjudicatory hearing during which the DVPO and the petitioner's drug test were admitted into evidence, among other things. The petitioner's counsel conceded that the evidence presented was sufficient to adjudicate the petitioner. Thus, the court adjudicated the petitioner of abusing and neglecting the child by using controlled substances to the detriment of his parenting ability, engaging in domestic violence in the child's presence, and

[1] The petitioner appears by counsel Jonathan Fittro. The West Virginia Department of Human Services appears by Attorney General John B. McCuskey and Assistant Attorney General Wyclif Farquharson. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Dreama Sinkkanen appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

failing to protect the child from the mother's abuse of controlled substances. At an August 2022 hearing, the court granted the petitioner a post-adjudicatory improvement period, the terms of which included, among other things, that the petitioner abstain from using controlled substances and alcohol, refrain from engaging in criminal activity, cooperate and communicate with the DHS, and participate in visits with the child. At a February 2023 review hearing, the court noted that the petitioner's improvement period was due to expire and granted him a three-month extension.

In May 2023, the court held a dispositional hearing at which it found that the petitioner had experienced a substantial change in circumstances, as he had secured housing, obtained employment, and fully participated in the proceedings. As such, the court granted the petitioner's written motion for a six-month post-dispositional improvement period with the same terms as his prior improvement period.

In March 2024, the parties convened for a final dispositional hearing during which the court was apprised that in May 2023, the petitioner pled guilty to and was convicted of domestic battery and battery of a firefighter, and in October 2023, the petitioner pled guilty to and was convicted of obstructing an officer and being a pedestrian in a roadway. The case files from those criminal proceedings were entered into evidence. In the resulting dispositional order, the court noted that, according to a Harrison County Community Corrections Report filed in July 2023, the petitioner tested positive for alcohol multiple times throughout both the extension of his post-adjudicatory improvement period and his post-dispositional improvement period and tested positive for methamphetamine in July 2023. The court further noted that an October 2023 DHS report indicated that, in September 2023, the petitioner tested positive for alcohol twice and missed a drug screen. The court found that the petitioner failed to comply with his improvement period by continually abusing controlled substances and alcohol throughout the proceedings and engaging in criminal activity during the pendency of the proceedings. The court concluded that there was no reasonable likelihood that the petitioner could correct the conditions of abuse and neglect in the near future, as he "clearly demonstrated that he has no ability to effectively protect the health, safety and welfare of this child or to participate in his life in any manner." After considering the adverse effects of the petitioner's behavior on the child and the child's need for permanency, stability, and continuity of caretakers, the court determined that the child's welfare necessitated termination and, ultimately, terminated the petitioner's parental and custodial rights. It is from this order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court failed to explain why termination of his parental and custodial rights was necessary for the child's welfare in violation West Virginia Code § 49-4-604(c)(6). We find no merit in this argument as the court made detailed findings explaining why termination of the petitioner's rights was necessary for the child's welfare. Namely, the court found that the petitioner demonstrated "no ability to effectively protect the health, safety and welfare of this child" and that "any less

---

[3] The mother's parental rights were terminated earlier in the proceeding. The permanency plan for the child is adoption in the current placement.

drastic alternative is not appropriate in this case due, in part, to the age of the infant child, the adverse effects the behavior of the [petitioner] has had on the infant child and the child's need for permanency and stability." These findings are consistent with our prior holdings, in which we have explained that children under the age of three, as B.M. was at the time of disposition, are especially vulnerable and require stability to protect their development. *See In re Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. The petitioner further argues that the child could have potentially been placed permanently with the paternal grandparents, which would have mitigated the need for termination. However, the petitioner fails to recognize that the circuit court's findings in support of the child's welfare necessitating termination were well founded and a possible placement with the grandparents has no impact on the appropriateness of these findings. Accordingly, the petitioner is entitled to no relief.

Further, in order to terminate a parent's parental rights, a court must also find that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future." W. Va. Code § 49-4-604(c)(6). Here, the evidence indicated that the petitioner continued to use drugs throughout the proceedings and engaged in criminal activity, directly violating the terms of his multiple improvement periods. Not only does this constitute a situation in which there is no reasonable likelihood that conditions of abuse or neglect can be substantially corrected under West Virginia Code § 49-4-604(d)(1) and (3), but the petitioner does not specifically challenge the court's findings in this regard on appeal. As such, we decline to disturb the circuit court's termination of the petitioner's parental and custodial rights. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) ("Termination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))).

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 22, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: May 6, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV